**E-Filed 2/6/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHONG'S PRODUCE, INC., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>KIMOMEX MARKETS, INC. et al., <br><br>　　　　　　Defendants. | Case Number C09-534 JF <br><br> ORDER[1] DENYING EX PARTE REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION <br><br> [re: docket no. 2] |

　　　Plaintiff Chong's Produce, Inc. ("Plaintiff") alleges that Defendant Kimomex Markets, Inc. ("Defendant") owes at least $77,867.44 for perishable agricultural commodities delivered and accepted in a series of transactions between May 18, 2008 until the filing date of the instant action. Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction enjoining Defendant from dissipating the assets of a Perishable Agricultural Commodities Act ("PACA") statutory trust. Plaintiff has not given notice to Defendant of the instant request.

　　　PACA imposes a statutory trust on all produce-related assets held by agricultural

---

[1] This disposition is not designated for publication in the official reports.

Case No. C 09-534
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

merchants, dealers, and brokers. 7 U.S.C. § 499e(c). Defendant is a dealer under PACA. *See id.* A district court may issue an order for injunctive relief to preserve the assets of the statutory trust. *See Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 158-59 (1990).

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Hawaii 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). In the Ninth Circuit, a party seeking a preliminary injunction must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in the movant's favor. *Roe v. Anderson*, 134 F.3d 1400, 1401-02 (9th Cir. 1998); *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984). These formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Roe*, 134 F.3d at 1402.

A TRO may be issued without notice to the adverse party *only if* "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Moreover, in this district an applicant for a TRO must give notice to the adverse party "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order." Civ. L.R. 65-1(b).

Plaintiff argues that it is entitled to a TRO without notice because "[g]iving notice to Kimomex will only provide it advance warning that an order may be entered, thereby giving it time to further dissipate its trust assets by paying personal liabilities or non-trust creditors prior to the entry of the order." Ex Parte Mot. for TRO at 5. However, Plaintiff does not set forth any facts in support of this statement other than conclusory statements in an accompanying declaration. In the declaration, Plaintiff's president states that "based on my personal experience,

2

Case No. C 09-534
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

it appears that Kimomex has and is continuing to dissipate the PACA trust." Chong Decl. ¶21. No other evidence other than personal belief is given in support of the request for a TRO. In addition, Defendant tendered a payment of $5,252.22 to Plaintiff on January 30, 2009. This payment appears to have been made pursuant to an informal agreement between the parties to repay the amount owed to Plaintiff. *See id.* ¶¶16-19. There is no evidence that Defendant lacks the means to repay Plaintiff. *Cf. Chiquita Fresh, N.A., L.L.C. v. Gallegos Intern., L.L.C.*, No. 07CV1305, 2007 WL 2684894, at *1 (E.D. Cal. Sept. 10, 2007) (checks tendered to plaintiff in attempt to satisfy debt were rejected for insufficient funds, demonstrating a threat to the PACA trust assets).

Because Plaintiff has not shown that providing notice would cause immediate and irreparable injury, the request for a TRO is denied without prejudice to reconsideration after notice has been given.

**ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's application for a TRO is DENIED without prejudice;

2. Plaintiff's motion for preliminary injunction is set for hearing on February 27, 2009 at 9:00 am. Each party may file a brief in support of or in opposition to the motion for preliminary injunction, not to exceed fifteen (15) pages in length, on or before February 24, 2009.

DATED: February 6, 2009

JEREMY FOGEL
United States District Judge

Case No. C 09-534
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)

1 | This Order has been served upon the following persons:

Susan E. Bishop    sbishop@prattattorneys.com, ekhasin@prattattorneys.com, rtrazo@prattattorneys.com

Case No. C 09-534
ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION
(JFLC1)